■ CNA INSURANCE COMPANY, Appellant, v TRAVELERS INSURANCE COMPANY, Respondent. — In an action for a declaration that the defendant is required to assume the defense and liability of plaintiff's insured in pending third-party actions, plaintiff appeals from a judgment of the Supreme Court, Kings County (Deeley, J.), entered May 9, 1984, which, after a hearing, dismissed the complaint.

Judgment modified, on the law, by adding a provision thereto stating that the defendant is not required to assume the defense and liability of plaintiff's insured. As so modified, judgment affirmed, with costs to the defendant.

We have reviewed the record and agree with Special Term that the contract between Finley & Madison Associates and Di Stasio & Van Buren, Inc., did not create a joint venture. To the

contrary, the contract specifically stated that Finley & Madison Associates understood and agreed that it was a subcontractor. Plaintiff has failed to meet its burden of proving the existence of a joint venture (see *Ramirez v Goldberg,* 82 AD2d 850). Therefore, defendant was under no obligation to assume the defense and liability of Di Stasio & Van Buren, Inc., in the third-party actions. However, instead of dismissing the complaint Special Term should have declared the rights of the parties (see *Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74, cert den 371 US 901).

We have reviewed plaintiff's other contentions and find them to be without merit. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.